People v Shook (2019 NY Slip Op 07955)





People v Shook


2019 NY Slip Op 07955


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109497

[*1]The People of the State of New York, Respondent,
v
Kevin Shook, Appellant.

Calendar Date: October 4, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


James R. McGinn, Delmar, for appellant.
Paul Czajka, District Attorney, Hudson (Trevor O. Flike of counsel), for respondent.



Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered February 17, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant, with no commitment as to sentencing, pleaded guilty to a single-count indictment charging him with burglary in the third degree and purportedly waived his right to appeal except the right to challenge the sentence imposed. County Court sentenced defendant, as a second felony offender, to a prison term of 3 to 6 years. Defendant appeals.
Defendant's sole contention on appeal is that the sentence imposed was harsh and excessive. Based upon our review of the record, we disagree. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Sindoni, 175 AD3d 750, 750 [2019] [internal quotation marks and citation omitted]). The record reflects that County Court considered appropriate factors, including defendant's extensive criminal history, in imposing the statutorily-permissible sentence (see Penal Law § 70.06 [3] [d]; [4] [b]). Although the minimum sentence was not imposed, we find no abuse of the court's discretion or extraordinary circumstances warranting a reduction in the sentence in the interest of justice (see People v Rumola, 164 AD3d 1550, 1551 [2018]; People v Torres, 81 AD3d 995, 995 [2011]).
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.